LAW OFFICE OF MICHAEL L. FRAME
Michael L. Frame (AZSB # 019466)
1308 Joshua Avenue
Parker, AZ 85344
Tel:  928-669-6565
E-mail:  attyframe@hotmail.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| WATER WHEEL CAMP RECREATIONAL AREA INC.; and ROBERT JOHNSON, </br></br> Plaintiffs, </br></br> v. </br></br> THE HONORABLE GARY LARANCE, in his capacity as the Chief and Presiding Judge of the Colorado River Indian Tribes Tribal Court; and PRISCILLA HILL, in her capacity as the Chief Court Clerk of the Colorado River Indian Tribes Tribal Court, </br></br> Defendants. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiffs Water Wheel Camp Recreational Area, Inc. ("Water Wheel") and Robert Johnson, individually, file this Complaint against Defendants, the Honorable Gary LaRance, in his capacity as Chief and Presiding Judge of the Colorado River Indian Tribes Tribal Court ("CRIT Tribal Court"), and Priscilla Hill, in her capacity as Chief Court Clerk for the CRIT Tribal Court, seeking declaratory and injunctive relief against any and all efforts by Defendants to

maintain, prosecute or exercise jurisdiction over an action identified below in the CRIT Tribal Court filed as Case No. CV-CO-2007-0100 (the "Tribal Court Action").

Because plaintiffs are neither Indians nor members of the Colorado River Indian Tribes ("Tribe" or "CRIT") and the actions at issue occurred on lands held in fee by the United States and not in trust for CRIT, the CRIT Tribal Court lacks jurisdiction over Water Wheel and Robert Johnson.  In support of this Complaint, Water Wheel and Robert Johnson allege as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Water Wheel is a corporation organized and existing under the laws of the State of California with its principal place of business at 29630 Highway 95, Blythe, California 92225.  Water Wheel is a non-Indian, family-owned corporation, all shares are owned by non-Indians, and the corporation is not chartered by the Tribe.

2. Plaintiff Johnson is the President, Chief Executive Officer and primary shareholder of Water Wheel.  His actions in this matter have been strictly confined to his corporate duties and obligations, and he has never taken any action, signed any documents, or conferred with any official of the Tribe other than in his capacity as President and Chief Executive Officer of Water Wheel.

3. Plaintiff Johnson has been named individually as a defendant in the Tribal Court Action.  He has resided in Rancho Mirage, California for years and is not now, and never has been, a member of the Colorado River Indian Tribes.

4. The Honorable Gary LaRance is the Chief and Presiding Judge of the CRIT Tribal Court, in which the Tribal Court Action has been filed. Defendant LaRance exercises administrative and judicial authority and control over the activities and actions of the CRIT Tribal Court and its Judges and Clerks, and is sued here only in his official capacity.

5. Priscilla Hill is the Chief Court Clerk of the CRIT Tribal Court and is sued only in her official capacity. In her official capacity, she, *inter alia*, takes various actions purportedly prescribed by the civil procedures of the CRIT Law and Order Code, controls the activities and actions of the CRIT Tribal Court Clerk's office in Parker, AZ, maintains the Court's files and enters the Court's orders.

6. On October 1, 2007, the Tribe initiated the Tribal Court Action against Water Wheel and Johnson in Case No. CV-CO-2007-0100, seeking to evict Water Wheel and confiscate all of its and Johnson's buildings, improvements and personal belongings. A true and correct copy of the Complaint in the Tribal Court Action is attached hereto as Exhibit A.

7. On October 1, 2007, in her capacity as Clerk of the CRIT Tribal Court, defendant Hill issued and served a summons and complaint on Water Wheel and Johnson.

8. The Tribe is attempting to invoke the jurisdictional power of the CRIT Tribal Court to the injury of plaintiffs Water Wheel and Johnson and in violation of federal law and in excess of federal limitations placed upon the power of the CRIT Tribal Court in the exercise of its jurisdiction.

9. In the Tribal Court Action, defendant LaRance denied Water Wheel's and Johnson's Motions to Dismiss for lack of subject matter jurisdiction on January 15, 2008. Water Wheel and Johnson appealed that ruling and the appeal was summarily denied by the Court of Appeals for the Colorado River Indian Tribes on February 14, 2008. On February 26, 2008, the CRIT Tribal Court issued an order scheduling an evidentiary hearing and eviction trial for March 14, 2008 – in violation of federal law and in excess of federal limitations placed on the jurisdiction and power of the CRIT Tribal Court. True and correct copies of the CRIT Tribal Court orders are attached hereto as Exhibits B, C and D.

10. This Court has jurisdiction over the federal questions raised in this Complaint under 28 U.S.C. § 1331 because plaintiffs' claims present questions arising under federal law.

11. An actual case or controversy exists between the parties warranting this Court's declaratory and related relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**GENERAL ALLEGATIONS**

12. The Tribe's reservation was established by Congress in the territory of Arizona by the Colorado River Reservation Act of March 3, 1865, 13 Stat. 559.

13. The Tribe erroneously claims that its reservation extends beyond the Colorado River into California despite the fact that it is statutorily precluded from having a reservation within California by the California Indian Reservation Act of April 8, 1864, 13 Stat. 39.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 4

14. The Tribe erroneously claims that its reservation extends beyond the Colorado River into California despite the fact that it is statutorily precluded from having a reservation west of the Colorado River by the Colorado River Reservation Act of 1865, which created the CRIT Reservation in the Territory of Arizona only.

15. Water Wheel is a residential resort that leases non-Indian federal fee land from the U.S. Department of the Interior on lands west of the Colorado River (the "Disputed Area").

16. The United States owns the Disputed Area in fee and does not hold it in trust for CRIT or any other tribe.

17. Water Wheel signed a lease on May 15, 1975 with the U.S. Department of the Interior, wherein the United States named CRIT as the lessor, which was approved by the Superintendent of the Colorado River Reservation under delegated authority from the Secretary of the Interior on July 7, 1975. A true and correct copy of the lease is attached as exhibit A to the complaint filed in the Tribal Court Action, which complaint is attached hereto as <u>Exhibit A</u>.

18. Section 34 of the Lease Addendum states that the "[l]essee . . . agree[s] to abide by all laws, regulations, and ordinances of the Colorado River Tribes now in force and effect, or that may be hereafter in force and effect provided, that no such future laws, regulations or ordinances shall have the effect of changing or altering the express provisions and conditions of this lease *unless consented to in writing by the lessee*." <u>Exhibit A</u>, Exhibit A at 21 (emphasis added).

19.     Water Wheel has not "consented to in writing" the jurisdiction of the CRIT Tribal Court.  While the lease is silent as to jurisdiction for eviction proceedings and dispute resolution, as a matter of law, Title 25 of the Code of Federal Regulations exclusively governs such matters.

20.     The Tribe's Eviction Ordinance, effective October 12, 2006, did not exist as of May 15, 1975 (the date of execution of the lease).  The Eviction Ordinance conflicts with Title 25 of the Code of Federal Regulations and Water Wheel has not "consented to in writing" to be subject to the Tribe's Eviction Ordinance.

21.     The CRIT Tribal Court lacks jurisdiction to adjudicate matters relating to the conduct of a non-Indian and a non-tribal corporation on land that is not a reservation or otherwise Indian land, and such individual and corporation can challenge any such jurisdictional exercise in federal court without first exhausting tribal remedies.  *See Burlington Northern & Santa Fe Railway Co. v. Vaughn*, No. 05-16755 (9th Cir. 2007), *relying on Montana v. United States*, 450 U.S. 544 (1981); s*ee also Strate v. A-1 Contractors*, 520 U.S. 438 (1997).

22.     Under well-established federal law, the CRIT Tribal Court lacks jurisdiction over Water Wheel and Johnson because (a) there is no express congressional grant of tribal jurisdiction over them, (b) there is no consensual relationship between either plaintiff and the Tribe meeting Supreme Court requirements, and (c) no actions of either plaintiff threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the Tribe.

23. Any tribal claim that the CRIT Tribal Court has jurisdiction by virtue of property leases affecting the Disputed Area is void because the Tribe is prohibited from exercising leasing authority in the Disputed Area by Public Law 88-302.  Public Law 88-302 expressly states that CRIT is prohibited from leasing lands in the Disputed Area until the western boundary of the CRIT Reservation is finally determined.  While the Secretary of the Interior issued an Order in 1969 that opined that the CRIT Reservation extended into the Disputed Area, the U.S. Supreme Court rejected the Secretarial Order in *Arizona v. California*, 460 U.S. 605, 630 (1983).

24. The Supreme Court stated that "the Colorado River Tribes will have to await the results of further litigation before they can receive an increase in their water allotment based on the land determined to be part of the reservation." *Arizona v. California*, 460 U.S. at 636, n. 26.  There has not been any "further litigation" to determine the western boundary of the CRIT Reservation.

25. In reference to a comment made in the dissenting opinion in that case, the majority stated:  "The dissent identifies no plausible basis for its conclusion that an *ex parte* determination by an executive officer of a party to this litigation should constitute a 'final determination' within the meaning of our decree."  460 U.S. at 638, n. 28.  Thus, as interpreted by the Supreme Court, there is no Congressional acknowledgement that the Disputed Area is within the CRIT Reservation, and in fact the Court refused to issue to the Tribe water rights associated with the Disputed Area.  460 U.S. at 636.

26. The basis for the CRIT Tribal Court's purported exercise of jurisdiction over non-Indians within the Disputed Area is CRIT's leasing activity in that area, which activity is in direct violation of the leasing prohibition of Public Law 88-302 and the conclusions of the Supreme Court in *Arizona v. California* summarized above in paragraphs 23-25. As such, the CRIT Tribal Court is acting in violation of federal law to the injury of Water Wheel and Johnson. The CRIT Tribal Court has no colorable claim of tribal court jurisdiction. *See Burlington Northern & Santa Fe Railway Co. v. Vaughn*, No. 05-16755 (9th Cir. 2007).

27. Citing Public Law 88-302, the Tribe's Constitution, adopted in February, 1975, acknowledges the Disputed Area is not within the Reservation or otherwise subject to the jurisdiction of the Tribe.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment – Tribal Court Jurisdiction)**

28. Plaintiffs reallege and incorporate by reference paragraphs 1-27 above.

29. Pursuant to 28 U.S.C. §§ 2201 and 2202, plaintiffs are entitled to a declaratory judgment declaring that the CRIT Tribal Court has no jurisdiction over Water Wheel or Johnson in the Tribal Court Action or in any other future actions filed in CRIT Tribal Court against Water Wheel or Johnson related to the lease and occupation of lands in the Disputed Area.

## SECOND CLAIM FOR RELIEF

### (Prohibitory Injunction – Exercise of Tribal Court Jurisdiction)

30. Plaintiffs reallege and incorporate by reference paragraphs 1-27 above.

31. Because the CRIT Tribal Court lacks jurisdiction over Water Wheel and Johnson, any actions by defendants to exercise any authority relying upon such jurisdiction would be arbitrary, capricious, an abuse of discretion, beyond the scope of their authority and not in accordance with law.

32. Because of the CRIT Tribal Court's lack of jurisdiction to adjudicate the Tribal Court Action, as a matter of federal law, plaintiffs Water Wheel and Johnson will incur immediate and irreparable harm including, but not limited to, considerable and unnecessary delay in a case in which the CRIT Tribal Court clearly lacks subject matter jurisdiction, risk of an adverse judgment or other action in CRIT Tribal Court for which they would incur substantial inconvenience and expense to appear and defend themselves, in the absence of preliminary and permanent injunctive relief.

33. A balancing of the relevant hardships favors the entry of a temporary restraining order and preliminary and permanent injunctive relief, and such relief would serve the public interest.

34. The CRIT Tribal Court, through its Chief and Presiding Judge and Clerk – defendants LaRance and Hill and their successors – should be preliminarily and permanently enjoined from adjudicating the Tribal Court Action and from taking any action to further the Tribe's prosecution of Water Wheel and

Johnson in the Tribal Court Action and any other civil litigation in the CRIT Tribal Court.

35.  Any actions by defendants to exercise any authority on the basis of CRIT Tribal Court jurisdiction will cause the plaintiffs to suffer irreparable harm for which there is no adequate remedy at law.

36.  Plaintiffs are entitled to both temporary and permanent injunctions prohibiting the defendants from taking any actions as to the plaintiffs in the Tribal Court Action or any other civil litigation in the CRIT Tribal Court.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs seek judgment against the defendants, as follows:

A.  For a declaratory judgment that the CRIT Tribal Court has no jurisdiction over Water Wheel or Robert Johnson in the Tribal Court Action or in any other actions filed now or in the future against Water Wheel or Robert Johnson arising out of the lease and occupation of lands in the Disputed Area and mentioned in the complaint filed by CRIT in the Tribal Court Action attached hereto as Exhibit A.

B.  For a temporary restraining order and preliminary and ultimately for a permanent injunction prohibiting defendants the Honorable Gary LaRance and Priscilla Hill, and their successors in office, from exercising CRIT Tribal Court jurisdiction over Water Wheel and Johnson in the Tribal Court Action, and further to permanently enjoin the CRIT Tribal Court's prosecution,

maintenance, or conducting of any further proceedings in CRIT's Tribal Court Action, including issuing or entering any orders therein.

    C. Awarding plaintiffs their costs, attorneys' fees, and all other expenses of this litigation.

    D. Awarding plaintiffs such other and further relief as the Court deems just and proper.

    DATED this 11th day of March 2008.

          Law Offices of Michael L. Frame

         By: s/Michael L. Frame
           Michael L. Frame (AZSB # 019466)
           1308 Joshua Avenue
           Parker, AZ 85344
           Tel: 928-669-6565
           E-mail: attyframe@hotmail.com

         Attorney for Plaintiffs

**OF COUNSEL:**

Dennis J. Whittlesey (*pro hac vice* pending)
DICKINSON WRIGHT PLLC
1901 L Street, N.W. - Suite 800
Washington, DC  20036
Tel:  (202) 659-6928
Fax:  (202) 659-1559
dwhittlesey@dickinsonwright.com

Fred Welch (AZSB #017549)
1112 Arizona Avenue
Parker, Arizona  85344
Tel. (928) 669-5892
fwelch@lapazlaw.com

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 11