# EXHIBIT C

ORIGINAL FILED

2008 FEB 14 PM 1:14

NOT FOR PUBLICATION

COURT OF APPEALS

COLORADO RIVER INDIAN TRIBES

| | |
|---|---|
| COLORADO RIVER INDIAN TRIBES<br>Plaintiff,<br><br>vs.<br><br>WATER WHEEL CAMP RECREATIONAL AREA, INC., ROBERT JOHNSON, AND DOES 1-20,<br><br>Defendants. | No. 08-0001<br><br>T.C. No. CV-CO-2007-0100<br><br>ORDER DENYING PETITION FOR APPEAL |

NOTE: As provided for in the Law and Order Code "[a]ll decisions" of this Court "including those made prior to enactment of this provision, are memorandum decisions that shall not be regarded as opinions of binding precedent in any other cases." See CRIT Law and Order Code, Article II, Chapter B, section 211(d) (as amended on December 14, 1999, by Ordinance 99-3).

Before Chief Justice STARR, and Associate Justices JOHNNY and CLINTON.

The Petition for Appeal filed on February 1, 2008 by the Defendants in the above entitled matter has been reviewed in accordance with the Colorado River Indian Tribes Law and Order Code, Article II, Chapter B, section (a)(3) (as amended on December 14, 1999, by Ordinance 99-3). The Law and Order Code requires that one or more members of the Appeals Court must find that the petition may have merit and good cause appearing. Since all members of the Appeals Court agree that this Court lacks subject

ORDER, No. 08-0001                    1

matter jurisdiction over this appeal at this time, the Appeals Court find that this "Petition for Appeal" lacks merit. This Appeal therefore must be denied for the reasons outlined below.

Defendants/Appellants Water Wheel Inc. and Defendant/Appellant Robert Johnson by "special appearance" seek to appeal the decision of the Colorado River Indian Tribal Court's Order Denying Defendant Water Wheel Recreational Area, Inc. and Robert Johnson's Motions to Dismiss for Lack of Jurisdiction, filed by the Tribal Court on January 15, 2008.

First, it is noted that Defendants/Appellants have filed their appeal and their motion to dismiss in the Tribal Court by "special appearance." However, there is no provision in the Law and Order Code or Local Rules of Civil Procedure that allow for a "special appearance" by any party in either this Court or the Tribal Court. As in the federal courts, challenges to personal or subject matter jurisdiction of the Tribal Court are entertained pursuant to a motion to dismiss, not a special appearance. TRCP, Rule 12.

Second, contrary to Defendants/Appellants position advanced in the Petition for Appeal that the Order of January 15, 2008 is a final order, the Court of Appeals finds that the Order is not a final order. The Tribal Court's Order did not render a final decision on the merits of the case or a final judgment. *E.g. Figueroa v. United States*, 7 F.3d 1405 (9th Cir. 1993) ("Ordinarily, the denial of a 12(b)(6) motion is not a reviewable final order . . . ."); *In re Cascade Energy & Metals Corp.* 956 F.2d 935 (10th Cir. 1992) ("When the district court rejects a challenge to bankruptcy court's exercise of jurisdiction, such a rejection is in the nature of a denial of a motion to dismiss and is not immediately reviewable . . . .") Rather, Defendants/Appellants seek an interlocutory appeal regarding

jurisdiction. However, the Colorado River Indian Tribes' Court of Appeals only has jurisdiction over "final order[s] or final judgment[s]." Law and Order Code, Section 211(a). As such, Colorado River Indian Tribes' Court of Appeals does not have jurisdiction at this time to hear this appeal. Although the Court of Appeals is denying the current Petition for Appeal, the denial of the current Petition for Appeal is without prejudice to Defendants/Appellants challenging the subject matter or personal jurisdiction of the Tribal Court as defined in the Tribal Court order dated January 15, 2008, or any other issue, in any subsequent appeal from any adverse final order or final judgment. The Defendants/Appellants therefore have not exhausted available tribal remedies regarding the issues they seek to raise in this interlocutory Petition for Appeal since they have not appealed from a final order or final judgment.

IT IS THE ORDER OF THIS COURT, that the Petition for Appeal is DENIED since this Court lacks subject matter jurisdiction over this attempted interlocutory appeal.

DATED:   FEBRUARY 12TH, 2008.

FOR THE ENTIRE PANEL,

Karla J. Starr
Chief Justice