**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Water Wheel Camp Recreational Area, Inc., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Gary LaRance, et al., <br><br> Defendants. | No. CV08-0474-PHX-DGC <br><br> **ORDER** |

On March 12, 2008, Plaintiffs Water Wheel Camp Recreation Area, Inc. and Robert Johnson filed an Emergency Application and Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Application"). Dkt. #8. Plaintiffs have been sued for eviction in an action pending in the Tribal Court of the Colorado River Indian Tribes ("CRIT"). Plaintiffs ask this Court to enjoin Defendants – a judge and clerk of the Tribal Court – from adjudicating the eviction action. Plaintiffs argue that the Tribal Court lacks subject matter jurisdiction under *Montana v. United States*, 450 U.S. 544 (1981). In particular, Plaintiffs ask the Court to enjoin Defendants from proceeding with a hearing today – March 14, 2008 – in the eviction action.

Defendants filed an opposition to the TRO Application and Plaintiffs filed a reply. Dkt. ##14, 15. The Court held a telephone hearing with the parties on March 13, 2008. Following the hearing, the Court entered a text-only order advising the parties of the Court's decision. Dkt. #16. This order explains the decision.

**I.    Background.**

Water Wheel operates a property for recreational vehicles on the west bank of the Colorado River near Parker, Arizona. Water Wheel entered a lease for the property in 1975. The lease, which is attached as Exhibit A to the TRO Application, identifies CRIT as the lessor, but was entered under the auspices of the Bureau of Indian Affairs. The lease had a 32-year term and was set to expire in July of 2007. Prior to the expiration date, the parties disagreed on the rental rate demanded by CRIT for the property. Plaintiffs sought to invoke federal dispute resolution procedures under Title 25 of the Code of Federal Regulations; CRIT brought the eviction action in Tribal Court to evict Plaintiffs from the property.

Several hearings have been held in Tribal Court and on appeal from Tribal Court. It is clear from orders provided to this Court, however, that the Tribal Court has not made a final decision on whether it can exercise subject matter jurisdiction over Plaintiffs. That issue is scheduled to be heard on March 14, 2008. Because Plaintiffs believe that the Tribal Court clearly lacks subject matter jurisdiction over the eviction action, they ask this Court to enter a TRO preventing Defendants from proceeding with the hearing or any other aspect of the eviction action.

**II.    Exhaustion.**

"Ordinarily . . . a federal court should stay its hand until after the Tribal Court has had a full opportunity to determine its own jurisdiction." *Strate v. A-1 Contractors*, 520 U.S. 438, 449 (1997) (quotation and citations omitted). Stated differently, parties generally are required to exhaust their jurisdictional arguments in Tribal Court before seeking federal court intervention.

Courts have recognized four exceptions to this exhaustion requirement: "exhaustion is not required where (1) an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith, (2) the action is patently violative of express jurisdictional prohibitions, (3) exhaustion would be futile because of the lack of adequate opportunity to challenge the court's jurisdiction, or (4) it is plain that no federal grant provides for tribal governance of nonmembers' conduct on land covered by *Montana's* main rule." *Burlington*

1. *Northern Railroad Co. v. Red Wolf*, 196 F.3d 1059, 1065 (9th Cir. 1999).  Plaintiffs rely on the fourth exception, arguing that the Tribal Court clearly lacks jurisdiction over the eviction action.  The Court will address this argument.  If it is not "plain" that the Tribal Court lacks jurisdiction under *Montana*, the Court must require Plaintiffs to exhaust their arguments in Tribal Court before invoking the powers of this Court.

Under *Montana*, a tribal court may exercise civil jurisdiction over a nonmember of the tribe where the nonmember has entered into a "consensual relationship" with the tribe or its members.  450 U.S. at 557.  Plaintiffs argue that they have entered into no such relationship with the CRIT.

Plaintiffs first contend that they have not entered into a *Montana*-type consensual relationship because the land they lease is owned by the federal government in fee title, not by the CRIT.  Plaintiffs argue that the land could be transferred to the CRIT only by an act of Congress and that a 1964 federal statute expressly declined to make such a conveyance.  Plaintiffs also argue that the Supreme Court has held that CRIT's ownership of the property could be determined only by litigation, which has not occurred.

In response, Defendants note that the Solicitor of the Department of Interior opined in 1969 that the property leased by Plaintiffs is owned by the CRIT.  The Secretary of the Department of Interior entered an order confirming this position, and the Department has followed the order for more than 35 years.  In addition, the lease in this case – which was signed by Plaintiff Water Wheel – specifically identifies the CRIT as the lessor of the property, and Plaintiffs have paid rent to the CRIT, either directly or through the Bureau of Indian Affairs, for more than 30 years.

The Court cannot decide from its brief review of these issues whether Plaintiffs or Defendants are correct.  Such a decision will require a close examination of the lease, the statutes in issue, the Solicitor's opinion, the history of the parties' dealings, and the decision of the Supreme Court – more matters than the Court has had time to review in ruling on the TRO Application.  The Court can say today, however, that the correctness of Plaintiff's

1 argument is not "plain." The argument therefore does not relieve Plaintiffs of the duty to
2 exhaust their jurisdictional arguments in Tribal Court.

3 Plaintiffs next argue that the express terms of the lease exempt them from the
4 jurisdiction of the Tribal Court in the eviction action. Plaintiffs point to paragraph 34 of the
5 addendum to the lease and argue that the ordinance applicable in the eviction action is not
6 binding on them because they did not consent to its application in writing. Paragraph 34
7 seems to suggest, however, that Plaintiffs' consent is required only when a law passed by the
8 CRIT is contrary to an express provision of the lease. Plaintiffs have identified no express
9 provision of the lease that is contrary to the eviction ordinance. They argue that the dispute
10 resolution provisions of the Code of Federal Regulations are incorporated into the lease and
11 that the eviction ordinance is contrary to those provisions, but the Court does not find this
12 argument to be plainly correct. To determine whether paragraph 34 or any other provision
13 of the lease defeats the "consensual relationship" basis for Tribal Court jurisdiction under
14 *Montana*, the Court will be required to conduct a careful analysis of the lease, its history, the
15 dispute resolution provisions in the Code of Federal Regulations, and the eviction ordinance.
16 The Court cannot say today that Plaintiffs' position is plainly correct.

17 Because the lack of Tribal Court jurisdiction is not "plain" as required by the fourth
18 exception to the exhaustion requirement, *Red Wolf*, 196 F.3d at 1065, Plaintiffs must exhaust
19 their remedies in Tribal Court before invoking the powers of this court. The Court will
20 therefore deny Plaintiffs' request for a TRO that prohibits the Tribal Court from proceeding
21 with the eviction action. If the Tribal Court decides that it does have jurisdiction under
22 *Montana* to hear the eviction action, Defendants must afford Plaintiffs a period of 15 days
23 to seek review of their *Montana* arguments in this Court before entering an order that will
24 empower the CRIT to evict Plaintiffs from the property or take other action to interfere with
25 Plaintiffs' occupancy of the property.[1]

---

[1] Plaintiffs argue that the Tribal Court in any event does not have subject matter jurisdiction over Robert Johnson because he is not signatory to the lease. Because the Court

- 4 -

**IT IS ORDERED:**

1. The TRO Application (Dkt. #8) is **denied** to the extent it asks this Court to enjoin Defendants from proceeding with the March 14, 2008 hearing or the eviction action.

2. If the Tribal Court decides that it does have jurisdiction under *Montana* to hear the eviction action, Defendants must afford Plaintiffs a period of 15 days to seek review of their *Montana* arguments in this Court before entering an order that will empower the CRIT to evict Plaintiffs from the property or take other action to interfere with Plaintiffs' occupancy of the property.

DATED this 14th day of March, 2008.

*David G. Campbell*
-----------------------------------------
David G. Campbell
United States District Judge

---

is not familiar with what Mr. Johnson may have done to enter into a consensual relationship with the CRIT, it cannot at this point conclude that this argument is plainly correct.