# EXHIBIT B

| | |
|---|---|
| COLORADO RIVER INDIAN TRIBES, | Case No. CV-CO-2007-0100 |
| Petitioner/Plaintiff, | |
| vs. | ORDER |
| WATER WHEEL CAMP RECREATIONAL AREA, INC., ROBERT JOHNSON, and DOES 1-20, | |
| Respondents/Defendants. | |

RECEIVED
MAR 19 2008
Michael L. Frame
Attorney At Law

This matter was heard on March 14, 2008 to consider the remaining arguments of Defendants' in their motion to dismiss claiming that this Court lacks adjudicatory, personal and subject matter jurisdiction.[1]

Plaintiff Colorado River Indians Tribes (CRIT) appeared through attorneys Eric Shepard, Winter King and Amanda Garcia. Defendant Robert Jonson (Johnson) appeared with attorney Fred Welch. Defendant Water Wheel Camp Recreation Area, Inc., (Water Wheel) appeared through attorney Michael Frame.

After considering the testimony of Robert Johnson, Plaintiffs Exhibits and arguments of counsel, the Court finds as follows;

### Re: Defendant Water Wheel's Motion to Dismiss

On October 19, 2007, Defendant Water Wheel filed a Motion to Dismiss making six (6) separate arguments for dismissal of the action. On January 15, 2008, the Court entered an Order denying the arguments set forth in paragraphs

---

[1] On October 19, 2007, Defendants Water Wheel and Robert Johnson filed Motions to Dismiss setting forth several grounds for dismissal of the Complaint. On January 15, 2008, the Court entered an Order disposing of several of the arguments. The January 15th Order denied that part of Defendants' Motion to Dismiss which argued that the Colorado River Indian Tribes (CRIT) lacked jurisdiction because the Water Wheel Resort property is not a part of the CRIT reservation. See January 15, 2008 Order.

1

1, 2, 3 and 5 of the Motion to Dismiss. Paragraphs 1, 2 and 3 argued in various forms that the Colorado River Indian Tribes (CRIT) lacked jurisdiction because the Water Wheel Resort property is not a part of the CRIT reservation. See January 15, 2008 Order. Paragraph 5 argued that the CRIT failed to join the United Stated as an indispensable party to the complaint.

The Court set the argument in paragraph 4 of Water Wheel's Motion to Dismiss for a hearing on March 14, 2008. In paragraph 4, Water Wheel argues that "[t]his action must be dismissed because defendant Water Wheel Camp Recreation Area, Inc., is non-Indian, who neither explicitly or impliedly has consented to the jurisdiction of, or undertaken any conduct within, the exterior boundaries of the Colorado River Indian Tribes and is therefore beyond the jurisdiction of this Court."

In *United States v. Montana*, 450 U.S. 544 (1981), the United States Supreme Court held that a tribe may regulate, through taxation, licensing, or other means, the activities of non-Indians who enter consensual relationships with the tribe or its members, through commercial dealings, contracts, leases, or other arrangements.

The Court finds that the CRIT has met its burden of proof and established that this Court has adjudicatory jurisdiction to hear the cause of action against Water Wheel.

1. It is undisputed that Water Wheel is a non-Indian owned corporation and business entity, therefore, making *Montana* applicable. It is also undisputed that Water Wheel is incorporated under the laws of the State of California.

2. The Court finds that Water Wheel entered into a consensual relationship with the CRIT or its members, through commercial dealings, specifically by entering into a thirty-two (32) year "Business Lease" (Plaintiff's Exhibit 1) with the CRIT to lease CRIT tribal property and, pursuant to that Lease, engaged and conducted numerous commercial and business dealings and activities on the CRIT reservation.

3. Plaintiff's Exhibit 1 is the "Business Lease." The Lease shows that Defendant Water Wheel (the "Lessee") entered a thirty-two (32) year "Business Lease" with the CRIT (the "Lessor"). The Lease began in June 1975.

4. Beginning in June 1975 and for the next thirty-two (32) years, Water Wheel operated and engaged in numerous commercial and business activities and dealings with the CRIT, including but not limited to:

5. Operation of a recreational mobile home resort (see Plaintiff's Exhibits 1, 28, testimony of Robert Johnson, and numerous other Exhibits),

6. Sale of mobile homes (see Plaintiff's Exhibit 16),

7. Rental of mobile home and trailer spaces, lots or sites (see Plaintiff's Exhibit 28),

8. Operation of a convenience store (see Plaintiff's Exhibits 1, testimony of Robert Johnson, and numerous other Exhibits),

9. Operation of a restaurant (see Plaintiff's Exhibit 16),

10. Sale of alcoholic beverages (see Plaintiff's Exhibit 14),

11. Sale of propane, gas and groceries (see Plaintiff's Exhibit 16),

12. Rental of trailer and camping spaces (see Plaintiff's Exhibit 14 and numerous other Exhibits),

13. Maintenance and operation of a:
    a. business office (see testimony of Robert Johnson),
    b. boat storage (see Plaintiff's Exhibit 38, 39) and
    c. Marina, and

14. Payment of monthly and annual rent to the CRIT (Plaintiff's Exhibits 1, 14, 17, 18 and testimony of Robert Johnson).

Several other Exhibits admitted at the hearing also support the Court's findings. The Exhibits listed above only partly demonstrate and support the Court's findings of Water Wheel's commercial and business activities and dealings with the CRIT. The Court did list each of Plaintiff's Exhibits and explain how that Exhibit demonstrates the manner and extent of Water Wheel's commercial dealings with the CRIT.

Based on the above, the Court DENIES Water Wheel's motion to dismiss for lack of adjudicatory jurisdiction.

### Re: Defendant Robert Johnson's Motion to Dismiss for Lack of Adjudicatory Jurisdiction

On October 19, 2007, Defendant Robert Johnson filed a Motion to Dismiss making seven (7) separate arguments for dismissal of the action. On January 15, 2008, the Court entered an Order denying the arguments set forth in paragraphs 1, 2, 3 and 6 of the Motion to Dismiss. Paragraphs 1, 2 and 3 argued in various forms that the Colorado River Indian Tribes (CRIT) lacked jurisdiction because the Water Wheel Resort property is not a part of the CRIT reservation. See January 15, 2008 Order. Paragraph 6 argued that the CRIT failed to join the United Stated as an indispensable party to the complaint.

The Court set the arguments in paragraphs 4 and 5 of Johnson's Motion to Dismiss for a hearing on March 14, 2008. In paragraph 4, Johnson argues that "[t]his action must be dismissed because defendant Robert Johnson is non-Indian, who neither explicitly or impliedly has consented to the jurisdiction of, or undertaken any conduct within, the exterior boundaries of the Colorado River Indian Tribes and is therefore beyond the jurisdiction of this Court."

In *United States v. Montana*, 450 U.S. 544 (1981), the United States Supreme Court held that a tribe may regulate, through taxation, licensing, or other means, the activities of non-Indians who enter consensual relationships with the tribe or its members, through commercial dealings, contracts, leases, or other arrangements.

The Court finds that Plaintiff CRIT has met its burden of proof and established that this Court has adjudicatory jurisdiction to hear the cause of action against Robert Johnson.

15. It is undisputed that Defendant Robert Johnson is a non-Indian.

16. In finding adjudicatory jurisdiction over Robert Johnson, the Court adopts all findings of fact relevant to Defendant Water Wheel stated above (paragraphs 1-14 above), including the additional findings:

17. Robert Johnson did not have a business or ownership interest in Water Wheel Camp Recreation Area, Inc., in 1975 when the lease was signed and entered into (see testimony of Robert Johnson),

18. In 1981, Robert Johnson bought 50% of the Water Wheel stock. In 1985, he bought the remaining 50% of the stock so that he and his wife owned 100% of the Water Wheel stock (see testimony of Robert Johnson).

19. In 1985, Johnson became President of Water Wheel Camp Recreation Area, Inc. As of this date, he is still President of Water Wheel Camp Recreation Area, Inc. aka Water Wheel Resort (see testimony of Robert Johnson),

20. Beginning in 1985 and for the next twenty-two (22) years, Defendant Johnson, as President of Water Wheel, operated and maintained Water Wheel pursuant to the Business Lease (see testimony of Robert Johnson and Plaintiff's Exhibits),

21 As President and owner of Water Wheel, Johnson engaged in numerous commercial and business activities and dealings with the CRIT on the CRIT reservation, including but not limited to:

22. See paragraphs 1 – 14 under Defendant Water Wheel above which are incorporated herein as to Defendant Johnson,

23. Hiring, paying and supervising Water Wheel employees,

24. Requesting, attending and participating in numerous business meetings with CRIT Tribal employees, staff, tribal departments and offices to discuss Water Wheel business matters, development projects, and property and building inspections. Per the testimony of Robert Johnson, he met with Herman Laffoon, Jr., Commercial Manager, Realty Services, Colorado River Indian Tribes, Parker, Arizona approx. 15 times to discuss buildings projects. Some of the meetings occurred at the Water Wheel resort property and some occurred in Mr. Laffoon's office on the CRIT reservation in Parker, Arizona. Per the testimony of Robert Johnson, he met with Ambrose Howard, Building and Safety Office, Colorado River Indian Tribes, Parker, Arizona approx. 50 to 75 times to discuss Water Wheel building and other development projects. Some of the

meetings occurred at the Water Wheel resort property and some occurred in Mr. Howard's office on the CRIT reservation. Per the testimony of Robert Johnson, he met with Grant Buma, Hydrologist Engineer, Colorado River Indian Tribes, Parker, Arizona, approx. 15 times to discuss development projects at the Water Wheel resort property.

25. Submitting several written requests and correspondence to the CRIT to develop additional projects at the Water Wheel Resort site. (Plaintiff Exhibits 25, 28, 38, 42, 51, 56, 57, 58), and

26. Re-negotiating the monthly and annual rent of the Water Wheel property (Plaintiff's Exhibit 77, 84, 85, 87).

27. As of this date, Johnson continues to remain on the Water Wheel Resort property and continues to operate the Water Wheel Resort business pursuant to the Lease

Once again, other Exhibits admitted during the hearing support the Court's findings. The Exhibits listed above only partly demonstrate and support the Court's findings that Defendant Johnson engaged in commercial and business activities and dealings with the CRIT. This Court did not list each of Plaintiff's Exhibits and explain how that Exhibit demonstrates the manner and extent of Defendant Johnson's commercial dealings and business contacts with the CRIT.

Based on the above, the Court DENIES Robert Johnson's motion to dismiss for lack of adjudicatory jurisdiction.

### Re: Defendant Robert Johnson's Motion to Dismiss Because He Is Not a Party To The Lease

In paragraph 5 of the Motion to Dismiss, Johnson argues that "[t]his action must be dismissed because defendant, Robert Johnson, a non-Indian, is not a party to the lease forming the basis of the complaint and is therefore beyond the jurisdiction of this Court."

The Court finds that all the above findings of fact (paragraphs 1-27 above) establish that Robert Johnson is in fact a party to the Lease.

Based on the above, the Court DENIES Robert Johnson's motion to dismiss on grounds that he is not a party to the lease.

### Re: Defendant Robert Johnson's Motion to Dismiss
### For Lack Of Personal Jurisdiction

The Court finds that the above findings of fact (paragraphs 1-27 above) also establish sufficient minimum contacts with the CRIT and the CRIT reservation by Defendant Johnson so that the Tribal Court may exercise personal jurisdiction over him.

Based on the above, the Court DENIES Robert Johnson's motion to dismiss for lack of personal jurisdiction.

### Re: Subject Matter Jurisdiction

The Court finds that it has subject matter jurisdiction over the CRIT's complaint for Eviction and Damages (Breach of Lease), as follows:

28. Article XII, Section 2 of the CRIT's Constitution states:

    "The judicial power of the courts of the Colorado River Indian Tribes shall extend to all cases and matters in law and equity arising under this Constitution and law-laws, and the ordinances of the tribes, subject to any limitations, restrictions or exceptions imposed by or under the authority of the Constitution or laws of the United States.

29. Pursuant to L&O Code, Section 102(b), the Tribal Court "shall have jurisdiction over all civil causes of action and over all controversies between any persons" "[s]ubject to any limitations, restrictions or exceptions imposed by or under the authority of the Constitution or laws of the United States, or by the Constitution or Bylaws of the Tribes, or by the ordinances or codes of the Tribes, or by express provision elsewhere in this Code."

30. Section 1-304 of the CRIT Property Code provides that a landlord may commence an action for eviction and related relief in Tribal Court to recover possession of property and other relief. See Property Code Section 1-102. (The provisions of the property Code "govern relationships between all landlords and tenants and over all property whether private or public real property within the exterior boundaries of the CRIT reservation and subject to the authority of the Tribes.")

The Court finds that the above provisions of law establish the Court's subject matter jurisdiction over the CRIT's Complaint for Eviction and Damages in Contract (Lease).

SO ORDERED this 18th day of March, 2008.

_____
Gary LaRance, Judge, CRIT Tribal Court


A COPY of the forgoing was
mailed/delivered this 18th
day of March, 2008 to:

Eric Shepard
Colorado River Indian Tribes
Office of Attorney General
Route 1, Box 23-B
Parker, AZ 85344

Winter King
Shute, Mihaly & Weinberger, LLP
396 Hayes Street
San Francisco, CA 94102

Michael Frame
1308 Joshua Ave.
Parker, AZ 85344

Fred Welch
1112 Arizona Ave.
Parker, AZ 85344

By_____

Colorado River Indian Tribes
State of Arizona
County of La Paz

CERTIFICATION

I hereby certify that this is a true and correct
copy of the instrument filed in my office on this 18th
day of March, 2008 at 1:07

_____
Clerk of Court

Colorado River Indian Tribes
Parker, Arizona

8