**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Water Wheel Camp Recreational Area, Inc.; Robert Johnson,<br><br>    Plaintiffs,<br><br>vs.<br><br>The Honorable Gary LaRance; Jolene Marshall,<br><br>    Defendants. | No. CV-08-474-PHX-DGC<br><br>**ORDER** |

Oral argument will be held on **July 24, 2009 at 1:00 p.m.** The Court asks that the parties be prepared to address several issues at the hearing, in addition to their other oral arguments.

Paragraph 21 of the lease provides:

> [S]hould Lessee breach any other covenant of this lease, and if the breach of such other covenant shall continue uncured for a period of sixty (60) days after written notice thereof by the Secretary to the Lessee, then *the Secretary* may either:
>
>     A. Proceed by suit or otherwise to enforce collection or to enforce any other provision of this lease; or
>
>     B. Re-enter the premises and remove all persons and property therefrom[.]

Dkt. #1-2 at 38-39 (emphasis added). Several paragraphs later, the lease state that should the Lessee breach the lease by becoming a debtor under any insolvency or bankruptcy action,

1  then "*the Lessor and the Secretary* shall have the options set forth in sub-Articles A and B
2  above." *Id.* at 39 (emphasis added). This latter provision stands in contrast to the earlier
3  provision empowering only the Secretary to act, and suggests that the parties consciously
4  chose to limit the enforcement powers for breach of the lease – when insolvency or
5  bankruptcy was not the cause – to the Secretary.

6  Several regulations in Title 25, Part 162 of the Code of Federal Regulations set forth
7  procedures for enforcement of leases by the Secretary. Section 162.108 states that the
8  Secretary will ensure tenant compliance with lease operating requirements through
9  enforcement actions as needed to protect the interests of the Indian landowners, and that the
10 Secretary will take immediate action to recover possession from trespassers. Section 162.623
11 states that if a tenant remains in possession after the expiration of the lease, the Secretary will
12 treat the continued unauthorized use as a trespass. Sections 162.617 through 162.619 state
13 that once an Indian landowner notifies the BIA of a lease violation, the Secretary will initiate
14 an investigation within five business days and notify the tenant within five business days of
15 a BIA determination that the lease was violated. The tenant then has ten days to cure the
16 violation or dispute the determination before facing sanctions from the BIA.

17 In sum, the lease in this case says that the Secretary shall act to enforce the lease, and
18 applicable regulations seem to set forth the power and procedures for such enforcement. It
19 would appear that the lease selects a means of enforcement authorized by the regulations.
20 (Note, this is different from a tenant-initiated BIA proceeding, which Plaintiffs seem to rely
21 on in this case.)

22 The parties should be prepared to address the following questions at oral argument:

23 1. Does Paragraph 21, when combined with the lease-enforcement provisions in
24 25 C.F.R. §§ 162.108 and 162.623, make clear that any breach of this lease was to be
25 enforced by the Secretary, rather than by the tribe in tribal court? If so, does paragraph 21
26 constitute a forum selection clause that divests the tribal court of jurisdiction as suggested
27 by the dissent in *Plains*? *See Plains Commerce Bank v. Long Family Land & Cattle Co.*, 128
28 S. Ct. 2709, 2729 (2008) (Ginsburg, J., dissenting).

2. Has CRIT attempted to use the enforcement mechanism set forth in the regulations? Has it notified the Secretary of Plaintiff's alleged breaches in order to trigger enforcement actions under 25 C.F.R. § 163.617-162.619? If not, why not?

3. Does CRIT have reason to believe that the Secretary is unable or unwilling to take enforcement actions as provided in paragraph 21 of the lease and 25 C.F.R. § 162.108 and 25 C.F.R. § 162.623?

4. 25 C.F.R. § 162.612 states that a lease may provide for the resolution of lease disputes in tribal court. Does the existence of this provision, and the fact that the lease in this case does not expressly provide for resolution of disputes in tribal court, show that the parties consciously chose not to have disputes resolved in tribal court?

5. Plaintiffs argues that *they* have initiated action before the Secretary. Under what regulation do Plaintiffs have the power to initiate such an action? And if the action initiated by Plaintiffs remains pending 8 years later, should the Court conclude that it is ineffectual and not a reasonable means for resolving the parties' disputes? If it is ineffectual, what effect does this have on the forum selection arguments made by Plaintiffs regarding the lease? Should a court enforce an ineffectual forum selection provision?

6. If Plaintiffs contend that tribal application to the Secretary under paragraph 21 is the sole means of enforcing the terms of the lease, what is CRIT's remedy if the Secretary declines to act?

7. Do Plaintiffs agree that the Court should apply a "clearly erroneous" standard to factual determinations made by the tribal court in this dispute? *See Smith v. Salish Kootenai College*, 434 F.3d 1127, 1130 (9th Cir. 2006); *FMC v. Shoshone-Bannock Tribes*, 905 F.2d 1311, 1313-14 (9th Cir. 1990).

DATED this 21st day of July, 2009.

_____
David G. Campbell
United States District Judge