**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Water Wheel Camp Recreational Area, Inc.; Robert Johnson,<br><br>Plaintiffs,<br><br>vs.<br><br>The Honorable Gary LaRance; Jolene Marshall,<br><br>Defendants. | No. CV-08-0474-PHX-DGC<br><br>**ORDER** |

In considering the merits of this action, the Court has concluded that the parties should be afforded an opportunity to brief a few issues not addressed in the briefing to date.

1. Plaintiffs contend that paragraph 21 of the lease grants the Secretary of the Interior the exclusive right to bring legal actions arising out of the lease. Paragraph 21, however, authorizes the Secretary to "enforce" the terms of the lease. Dkt. #1-2 at 38-39. The action pending in Tribal Court seeks to hold Plaintiffs liable for breach of the rent provisions of the lease, but it also seeks to do more – to evict Defendants for wrongful possession of the property and to impose on them damages for tortious conduct. Even if the Secretary is designated by paragraph 21 as the sole enforcer of the lease terms, one might reasonably ask whether this includes actions for eviction or tortious conduct – actions not necessarily predicated on breach of the lease terms. Stated differently, did the parties to the lease intend to limit the Secretary's enforcement powers to breaches of the lease, or did they

intend more broadly to designate the Secretary as the sole individual authorized to bring legal actions arising out of the lease relationship?[1]

2. At oral argument, Defendants asserted that even if paragraph 21 of the lease is read to provide that only the Secretary of the Interior may bring an action arising from the lease, the lease expired in July of 2007 and no longer binds the tribe. Defendants argued that the Tribal Court action was commenced in late 2007 – after the lease and paragraph 21 had expired – and that paragraph 21 therefore does not limit the Tribal Court's jurisdiction. This view was adopted by the CRIT Court of Appeals in this case. *See* Dkt. #46-2 at 35. Defendants and the Court of Appeals cite no legal authority for this position.

The Restatement (Second) of the Law of Property provides that "the legal relationships of the landlord and tenant during the period in which the tenant improperly holds over after the termination of the lease are the same as during the period of the lease, except to the extent a modification of the legal position of one or the other is required by the circumstances of the holding over." Restatement (Second) of Property (Landlord and Tenant) § 14.7 (1977). A comment to section 14.7 explains the rationale: "[To] recognize and preserve a continuity of expectations of rights and duties during the holdover period, disputes over issues not otherwise covered in §§ 14.2-14.6 are justifiably governed by the incidents of the previous tenancy, including those determined by law as well as those determined by contract." *Id.* at cmt. a.

The Court has found no case where a court declined to apply a forum selection, arbitration, or choice of law provision because the lease had terminated and a tenant was unlawfully holding over. To the contrary, cases generally conclude that a holdover tenancy is governed by the terms of the lease. *See, e.g., Small v. Durango Partners, LLC*, 930 A.2d 297, 301-02 (Me. 2007) (terms of lease and not common law terms apply during holdover

---

[1] The Court recognizes that holding over is itself a breach of the lease (see lease ¶29), but it arguably is more – it is unlawful detainer. Does paragraph 21 preclude the tribe from bringing an action for unlawful detainer or tort that is *not* predicated on breach of the lease?

tenancy); *Hinton v. Sealander Brokerage Co.*, 917 A.2d 95, 110 n.31 (D.C. 2007) (specific lease provisions will govern damages during the holdover period); *Imperial Colliery Co. v. Cities Serv. Oil & Gas Corp.*, 998 F.2d 1009 (4th Cir. 1993) (unpublished opinion) (holdover tenant permitted to remove oil from land under same conditions permitted by lease); *State v. Kemalian Realty, Inc.*, 705 A.2d 999, 999-1000 (R.I. 1997) (arbitration provision of lease applied during holdover tenancy); *Watson Enter., Inc. v. Greenwich Cadillac-Oldsmobile, Inc.*, No. 30243, 2004 WL 2361601, at *1-*3 (Conn. Super. Ct. 2004) (applying arbitration clause during period of holdover tenancy). The Court has found one lease term – an option to purchase – where courts differ on whether the term applies during a holdover period. *Compare Wanous v. Balaco*, 107 N.E.2d 791, 793 (Ill. 1952) (holding an option to purchase was not part of the holdover tenancy), *and Barnes v. Jackson*, No. Civ.A. 1061-K, 2005 WL 2130220, at *4 & n.22, n.23 (Del. Ch. 2005) (unpublished) (addressing numerous cases which have held that a tenant's option to purchase does not survive into a holdover tenancy period), *with Peter-Michael v. Sea Shell Assoc.*, 709 A.2d 558, 563 (Conn. 1998) (holding that holdover plaintiff's allegations that defendants failed to provide it with a right of first refusal contained in the lease states a legally sufficient cause of action), *and Concrete Accessories Co. v. Moses*, 95 P.3d 648, 653-54 (Kan. Ct. App. 2004) (holding that the option to purchase carried over into the renewal period). The Court has found virtually no explanation of the final sentence of section 14.7 – that lease provisions apply "except to the extent a modification of the legal position of one or the other is required by the circumstances of the holding over."

The Court requests that the parties address the specific question of whether the terms of the lease, particularly paragraph 21, continue to bind the parties after the lease's July 2007 expiration. A related question is whether the first sentence of paragraph 23 should be read to mean that paragraph 21 and other lease terms do not apply beyond the end of the lease.

- 3 -

Each side should file a single memorandum, no longer than 10 pages, addressing all of the issues identified in this order. The memoranda should be filed simultaneously by the close of business on **Friday, August 21, 2009**.

DATED this 6th day of August, 2009.

_____
David G. Campbell
United States District Judge