**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Water Wheel Camp Recreational Area, Inc.; Robert Johnson, <br><br> Plaintiffs, <br><br> vs. <br><br> The Honorable Gary LaRance; Jolene Marshall, <br><br> Defendants. | No. CV-08-0474-PHX-DGC <br><br> **ORDER** |

In March of 2008, Plaintiffs Water Wheel Camp Recreational Area, Inc. and Robert Johnson filed suit in this Court, seeking a declaration that the Colorado River Indian Tribe's Tribal Court has no jurisdiction over them. Dkt. #1. On September 23, 2009, this Court denied declaratory relief as to Water Wheel and granted it as to Johnson. Dkt. #83. Water Wheel has appealed the Court's decision and has filed a motion pursuant to Federal Rule of Civil Procedure 62 asking the Court to enjoin the Tribal Court from enforcing its judgment until the appeal is decided. Dkt. #89. For the reasons that follow, the Court will deny the motion.

Rule 62 provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's right." Fed. R. Civ. P. 62(c). A party seeking relief under Rule 62 "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

absence of relief, that the balance of equities tips in his favor, and that a stay is in the public interest." *Humane Soc'y of the U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009) (citing *Winter v. NRDC, Inc.*, — U.S. —, 129 S. Ct. 365, 374 (2008)); *see Nken v. Holder*, — U.S. —, 129 S. Ct. 1749, 1761 (2009).

Water Wheel argues that the Court should apply the sliding scale analysis previously used by the Ninth Circuit for injunctive relief and stays pending appeal. *See, e.g., Golden Gate Rest. Ass'n v. City & County of S.F.*, 512 F.3d 1112, 1115-1116 (9th Cir. 2008) (stating that a party seeking a stay must show either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips in its favor). That standard, however, has been rejected by the Supreme Court. *See Winter*, 129 S. Ct. at 374. Courts in the Ninth Circuit now apply the four-part test cited above. *See Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (preliminary injunction); *Humane Soc'y of the U.S.*, 558 F.3d at 896 (stay pending appeal); *see also Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, No. CIV 2-04-2265 FCD KJM, 2009 WL 2971547, at *2 n.3 (E.D. Cal., Sept. 14, 2009) (refusing to apply sliding scale analysis to a request for stay). The first two factors of the four-part test – likelihood of success on the merits and irreparable injury – are the most critical and must be satisfied before the second two factors are considered. *Nken*, 129 S.Ct. at 1761 (citing *Winter*, 129 S. Ct. at 375).

Water Wheel does not argue that it is likely to succeed on appeal. It argues instead that an injunction is appropriate because there are serious legal questions at issue and the balance of hardships tips in its favor. Dkt. #94 at 3. Under the cases cited above, this showing does not entitle Water Wheel to an injunction.[1]

---

[1] Even if Water Wheel had argued that it was likely to succeed on the merits of the appeal, the Court would disagree. For the reasons set forth in the Court's order on the merits of this dispute (Dkt. #83), the Court concludes that Defendants are likely to prevail on Water Wheel's appeal.

- 2 -

Given that the Court will deny the motion for an injunction pending appeal, the Court will deny Defendants' motion for leave to file surreply (Dkt. #95) as moot. In ruling on this motion, the Court considered Water Wheel's proposed memorandum of points and authorities (Dkt. #93-1). The proposed memorandum, however, did not alter the Court's decision, and the Court will deny the motion for leave to file the proposed memorandum (Dkt. #93) as moot.

**IT IS ORDERED:**

1. Water Wheel's motion for an injunction pending appeal (Dkt. #89) is **denied**.
2. Water Wheel's motion for leave to file memorandum of points and authorities (Dkt. #93) is **denied as moot**.
3. Defendants' motion for leave to file surreply (Dkt. #95) is **denied as moot**.

DATED this 18th day of December, 2009.

*David G. Campbell*
David G. Campbell
United States District Judge